IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-MJ-2005

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER OF DETENTION PENDING** |
| | ) **TRIAL** |
| EDWARD MICHAEL PARKS, | ) |
| | ) |
| Defendant. | ) |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial.[1] The government presented the testimony of a senior investigator with the Wake County Sheriff's Office assigned to a task force of the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented the testimony of the proposed third-party custodian, his mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required or the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## **Background**

Defendant was charged by criminal complaint on 11 June 2014 with possession of a firearm that had previously traveled in and affected interstate commerce after having been convicted of a crime punishable by a term of imprisonment exceeding one year on 19 March

---

[1] With consent of counsel, the detention hearing was combined with the preliminary hearing in this case. Prior to reaching the issue of detention, the court ruled that the government had established probable cause for the charges against defendant.

2013 in violation of 18 U.S.C. §§ 922(g)(1) and 924. The evidence presented at the hearing showed that the charges arise from police surveillance of a residence in Wendell, North Carolina for a fugitive, Gregory McDuffie, on the alleged offense date. Defendant drove up to the residence and, after spending about 20 minutes inside, returned to his car with McDuffie. Police officers approached the car and ordered defendant to stop, but he initially continued to back up. He also initially failed to comply with instructions to show his hands. Police ultimately had to extract defendant from the car. At that point, he was told he was under investigative custody.

Defendant consented to the search of his person and car. Police located the firearm subject to the criminal complaint, a loaded pistol which had been stolen, in his right waistband, and 2 grams of powder cocaine and $1,300 in his right pocket. The car contained 30 grams of marijuana and a scale. Defendant had previously been convicted of a crime punishable by a term of imprisonment exceeding 12 months. Defendant was also under state parole at the time for two felony convictions for robbery with a dangerous weapon and two felony convictions for assault with a deadly weapon causing serious injury. Defendant was placed under arrest and transported to the Raleigh police station for the downtown district.

At the station, defendant was placed in an interview room. Although handcuffed, he fled the police station and was apprehended about a block away after he fell. He was verbally abusive of officers. He continued to be belligerent after being returned to the police station and had to be tased to be brought under control.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offense charged; the

circumstances of the offense charged, including the loaded status of the pistol, defendant's possession of the pistol in apparent association with drug dealing, his being on parole at the time, and his noncompliance with officers at the scene and flight from the police station; defendant's criminal record, including the four felony convictions referenced and a misdemeanor conviction for possession of drug paraphernalia; the danger of continued gun- and drug-related offense conduct by defendant if released; the unsuitability of the proposed third-party custodial arrangement due to her absence from the proposed custodial home for work and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's involvement in Step-Up Ministries, his work history and the purported availability of a job to him if released, and his attention to his son. It finds, however, that the factors favoring detention strongly outweigh such evidence.

## **Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 27th day of June 2014.

_____
James E. Gates
United States Magistrate Judge